UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NEW YORK CENTRAL MUTUAL FIRE INSURANCE
COMPANY as subrogee of John and Faye Espersen,

                Plaintiff,

                          **Hon. Hugh B. Scott**

                          03CV956A

              v.

                          **Order**

WHIRLPOOL CORPORATION,
LG ELECTRONICS,

                Defendants.

      Before the Court is plaintiff's motion to compel and for extension of time to submit plaintiff's expert disclosure (Docket No. 24). This case was referred for disposition of pretrial matters on February 5, 2004 (Docket No. 3).

## BACKGROUND

      This action is a property damage claim arising from a fire in a microwave oven-hood unit in subrogors John and Faye Espersen's house in February 2002. The Espersens subrogated this claim to plaintiff insurer New York Central Mutual. The Amended Scheduling Order applicable to this case required plaintiff to "identify any expert witnesses through interrogatories pursuant to Fed. R. Civ. P. 26(b)(4)" by February 28, 2005 (Docket No. 7, Order of Apr. 8, 2004).

      Plaintiff posed interrogatories to defendants, seeking complaints regarding fires involving microwave ovens and hood combinations identical or similar to defendants' unit; lawsuits against defendants surrounding such equipment; and a list of investigations and recalls by the

United States Consumer Product Safety Commission or other state or federal agencies regarding microwave oven-hood combination fires. (Docket No. 24, Pl. Atty. Aff. Ex. E, Interrogs. Nos. 4, 5, 6.) Defendants objected to answering these interrogatories because they believed they were overbroad and not focused on the cause of the fire. They claim that the accident occurred because of a power surge at the Espersen's house, that the microwave oven had its power cord cut and was hard wired to the household wiring. They complained that plaintiff did not identify the system, feature or component in the microwave oven-hood combination that caused the fire. Such an identification would enable defendants to identify "similar" incidents. (Docket No. 26, Def. Memo. of Law at 5-7.)

Defendants argued that plaintiff did not object to their not answering one of the interrogatories (asking about recalls and governmental agency actions) prior to making this motion. In order for plaintiff to inquire into other product liability instances or cases, plaintiff needed to show that the other cases were similar and to do this plaintiff needed to identify the cause of this fire in defendants' product. Plaintiff counters that it needs only prove a circumstantial evidence case and that it could obtain discovery about similar units (Docket No. 24, Pl. Memo. at 5). Defendants identified the product number for the microwave oven-hood combination in the Espersen's house.

Plaintiff replies that the defendants' failure to respond to discovery constitutes good cause for extension of the time to file expert disclosure (Docket No. 31, Pl. Reply Memo. at 2-4). Defendants then filed a sur-reply, with documents filed under seal, indicating their inability to identify "similar" devices as the microwave-hood combination at issue here (Docket Nos. 35-38). Plaintiff relied upon Underwriters Laboratories' definition to identify "similar" units to plaintiff's

device; defendants contend, however, that Underwriters Laboratories has a broader definition than they do regarding what is "similar" to plaintiff's device.

The Orders scheduling briefing for this motion also stayed discovery deadlines pending argument of the motion. (Docket Nos. 28, 30.)

## DISCUSSION

I.  Motion to Compel

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Failure to produce and compelling the opponent to seek an order compelling discovery exposes the party (and/or its attorney) to sanctions. See generally id. R. 37.

The Court **grants in part** plaintiff's motion, to allow production of information about the particular model number that was in the Espersens' home.

II.  Sanctions

The relief available when a party fails to respond to a discovery demand is the Order to compel and sanctions of the reasonable costs associated with the motion to compel, Fed. R. Civ. P. 37(a)(2)(B), (4)(A). Under Rule 37(a)(4)(C), if a motion to compel is granted in part and denied in part, the Court, after affording an opportunity to be heard, apportions the reasonable expense incurred in relation to the motion among the parties in a just manner.

Plaintiff identified nine other model numbers that may be "similar" to the Espersens' unit (see Docket No. 31, Pl. Memo. at 7). Given the limited relief granted here and the absence of an allegation of willfulness in withholding materials, each party should bear their own costs.

III.     Extension of Time to Disclose Expert

Plaintiff sought additional time to identify its expert. Under the Amended Scheduling Order, that identification was due February 28, 2005 (Docket No. 7). At oral argument, plaintiff now claims that it mistook the Court's command to identify experts for a more fuller disclosure of the expert's opinions and conclusions. Rule 26(b)(4), cited in the Amended Scheduling Order, only requires interrogatories or deposition of expert witnesses, while Rule 26(a)(2) requires disclosure of the expert's testimony 90 days before the start of trial. Plaintiff (and apparently defendants) believed the Scheduling Order contemplated producing the latter, while the Scheduling Order merely refers to the former interrogatory. Plaintiff stated in oral argument that it produced the identification information of its expert last July. That portion of the Scheduling Order states that "the parties shall identify any expert witnesses through interrogatories pursuant to Fed. R. Civ. P. 26(b)(4) as follows: (1) plaintiffs shall identify any expert witnesses by **February 28, 2005**; (2) defendants shall identify any expert witnesses by **April 30, 2005**." (Docket No. 7, ¶ 4.)

Therefore, upon plaintiff's representation that additional time is not needed to identify its expert, the request for extension for plaintiff to submit expert identification is **denied as moot**; but, given this recent motion practice, the overall discovery deadline (including whatever expert disclosure beyond witness identification) shall be extended to **October 3, 2005**. As a result, the

deadline for dispositive motions shall be **December 1, 2005**.  The pretrial conference, scheduled for August 17, 2005, at 2 pm, before the undersigned (Docket No. 29) remains as scheduled.

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 24) to compel is **granted in part** as indicated above.  Each party shall bear their own costs for this motion.  The discovery deadline shall be **October 3, 2005**, and the dispositive motions deadline shall be **December 1, 2005**.

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       June 10, 2005